**Order filed August 31, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00022-CR

_____

## MAXIMILIAN JAROSLAV DOHNAL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR18249-B**

## O R D E R

Maximilian Jaroslav Dohnal appeals the trial court's order denying his motion for postconviction forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2006 & Supp. 2016). In two issues, he contends that the trial court erred in denying his motion for forensic DNA testing and in denying his motion for appointed counsel. We abate the appeal for further proceedings in the trial court.

On December 18, 2015, the trial court entered a written order denying Appellant's motion for DNA testing. The order provides "identity was not an issue

in the case." *See* CRIM. PROC. art. 64.03(C) (requiring a finding that "identity was or is an issue in the case" in order for forensic DNA testing to be performed). On August 23, 2016, the State filed a brief in this case stating that "[u]pon a thorough reading of the trial record of the case, it is clear that identity was at issue." The State's brief also provides that "the State concedes that the identity of the shooter was an issue at trial."

In light of the State's concession that identity was an issue at trial, we find that further fact-finding and analysis by the trial court may be in order. *See Skinner v. State*, 484 S.W.3d 434 (Tex. Crim. App. 2016) (abating and remanding a forensic DNA testing request to the trial court for further proceedings). Thus, we abate this appeal and remand the case to the trial court. On remand, the trial court shall (1) reconsider the merits of Appellant's motion for forensic DNA testing, including Appellant's request for appointment of counsel, as well as the merits of the State's response to the motion and (2) make any further findings and conclusions necessary upon reconsideration. The trial court is instructed to resolve this matter within ninety days of the date of this order, after which the record of the proceedings on remand shall be immediately sent to this court for the reinstatement of the appeal. Any extensions of this time shall be obtained from this court.

PER CURIAM

August 31, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.